THE SAHOFF CORPORATION, Respondent, *v.* WARREN OLSHAN GARAGE, INC., Appellant; HARRY SILVERMAN, Respondent.

Supreme Court, Appellate Term, First Department, May 1, 1924.

Principal and agent — action by agent for commissions for obtaining acceptance of mortgage loan — application for loan accepted by bank on day plaintiff was employed — commission not earned by agent which did nothing to obtain binding acceptance of loan.

Plaintiff is not entitled to recover commissions alleged to have been earned by it in obtaining the acceptance of a mortgage loan on defendant's behalf, since it appears that the application for the loan was approved by the bank the day that plaintiff was employed; that all that happened after plaintiff's employment was the action of one member of the bank's loan committee in signing the so-called " approval " by the loan committee of the bank; and that there was no evidence going to the point that this so-called " approval " resulted from anything which the plaintiff did; and since plaintiff could only earn its commission by obtaining a binding acceptance of the loan, which it did not do.

APPEAL by the defendant, Warren Olshan Garage, Inc., from a judgment of the City Court of the city of New York, entered upon a verdict directed by the court.

*Philip S. Glickman (Joseph I. Green* and *William Macy,* of counsel), for the appellant.

*Armin H. Mittleman (Ralph O. L. Fay* and *Arthur C. Mandel,* of counsel), for the respondent Sahoff Corporation.

*Pfeiffer & Crames (Maxwell L. Crames* and *Seth V. Elting,* of counsel), for the respondent Silverman.

CRAIN, J.   The defendant, Warren Olshan Garage, Inc., wished to obtain a loan of $55,000, secured by a mortgage on its property Nos. 510–520 West One Hundred and Thirtieth street, New York city.   On January 18, 1923, its secretary-treasurer signed an application addressed to the Albany Savings Bank for such a loan.  ·The

application contained, among other things, the following: " The acceptance of this application does not constitute an absolute agreement to make the loan in question and the bank may at any time cancel this application without incurring any liability on account of the acceptance or cancellation thereof, by mailing notice of cancellation to address given below."

Thereafter and on February 7, 1923, the firm of Brown Wheelock Company appear to have transmitted to the bank an appraisal of the property in which they value it at $92,000.   A note of this appraisement of value appears to have been written on the application blank.

On February 16, 1923, a letter was addressed by the New York attorneys for the bank to the defendant corporation accepting its application for a loan of $55,000, and referring to the application dated January 18, 1923.   On the very day of the writing of the last-mentioned letter, namely, February 16, 1923, the owner appears to have employed the plaintiff corporation to obtain an acceptance from the bank of a first mortgage loan of $55,000 on the property in question.   The employment of the plaintiff was evidenced by what purports to be a letter addressed by the owner to the plaintiff. Presumably the letter of acceptance above referred to had not been received by the owner at the time of the writing by it of its letter employing the plaintiff.   Five days after this letter of acceptance and five days after the employment of the plaintiff, namely, February 21, 1923, a member of the loan committee of the bank in question signed a paper which apparently refers to the owner's application of January 18, 1923.   This paper states that the application for a loan " is hereby approved for the sum of $55,000   *   *   *."

It is plain from the above that the owner was negotiating for the loan before it employed plaintiff and that on the very day when it did employ the plaintiff, word was transmitted to it that the application as made by it for the loan had been accepted. It is also plain that all that happened after plaintiff's employment was the action of one member of the bank's loan committee in signing the so-called *approval* by the loan committee of the bank and there is no evidence going to the point that this so-called " approval " resulted from anything which the plaintiff did.   If for the reason that the point was not taken below it be assumed on this appeal that the plaintiff was instrumental in getting this so-called " approval " such approval was not sufficient to bind the bank to make the loan.   An approval, if there was one, by the loan committee of the bank to the making of the loan was not equivalent to an acceptance by the bank of the loan.

18

Although the defendant seeking the loan appears to have been willing before it employed the plaintiff to phrase its application so as to give the bank the right after acceptance to withdraw its acceptance and decline, when it thereafter employed plaintiff it did not employ him to procure a qualified acceptance. He could only earn his commission by obtaining a binding acceptance of the loan, and this he did not do.

The defendant corporation failed to establish its counterclaim against the defendant Harry Silverman, and it was properly dismissed.

Judgment modified by striking therefrom so much as awards judgment to the plaintiff, etc.

BIJUR and MCCOOK, JJ., concur.

Judgment reversed.